IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**NELSON DANIEL GANDICA CHACON**                                           **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 5:19-cv-110-DCB-MTP**

**SHAWN R. GILLIS**                                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Nelson Daniel Gandica Chacon's Petition for Habeas Corpus [1]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] be granted and Petitioner be deported or released from Immigration and Customs Enforcement ("ICE") custody within thirty days of a favorable ruling on the Petition [1].

## BACKGROUND

Petitioner, a citizen of Venezuela, asserts that he has been held in ICE custody in excess of six months after he was issued a final removal order. Pet. [1]. He seeks to be released into the United States pending his removal. Respondent counters that Petitioner's removal is likely in the reasonably foreseeable future and, therefore, he should not be granted habeas relief. Resp. [7].

Petitioner was paroled in the United States on December 13, 2015 in Miami, Florida. Resp. [7], Ex. A at 1. On June 13, 2016, Petitioner was convicted in the United States District Court for the Southern District of Florida of conspiring to import heroin into the United States. *Id*. He was sentenced to 46 months of imprisonment. *Id*.

On February 22, 2019, Petitioner was taken into ICE custody and issued an order of expedited removal. *Id*. On May 8, 2019, ICE obtained a copy of Petitioner's Venezuelan identity card from Petitioner's brother. *Id*. Enforcement and Removal Operations for ICE

1

completed a Certificate of Identity form for Petitioner on May 9, 2019.  *Id*.  Petitioner maintains that he has cooperated with ICE and has no objection to being deported.  Reply [9] at 4.

In September and November of 2019, ICE's Removal and International Operations division stated that there was a significant likelihood of removal of Venezuelan citizens and nationals in the foreseeable future.  Petitioner, however, has been in ICE custody since February 22, 2019, and has not been removed from the country.  The Petition [1] has been fully briefed and the matter is ripe for review.

## ANALYSIS

Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable six-month post-removal order period outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien.  The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable up to six months.  *Zadvydas*, 533 U.S. at 701.  "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing."  *Id*.  This does not mean that every alien not removed after six months must be released.  *Id*.  "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id*.

"In analyzing the likelihood of removal, courts consider a variety of factors, including the existence of a repatriation agreement with the target country, the target country's prior record of accepting removed aliens, and specific assurances from the target country regarding its willingness to accept an alien."  *Hassoun v. Sessions*, 2019 WL 78984, at *4 (W.D.N.Y. Jan. 2,

2019).  "[D]etermining what the 'reasonably foreseeable future' really is, is a factual determination to be undertaken by the habeas court looking into the circumstance and detention length of each individual petitioner." *Kane v. Mukasey*, 2008 WL 11393137, at *4 (S.D. Tex. Aug. 21, 2008), *superseded by Kane v. Mukasey*, 2008 WL 11393094 (S.D. Tex. Sep. 12, 2008) (finding habeas petition was moot after petitioner was deported).

"The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).  To meet his burden, "an alien's claim must be supported by more than mere speculation and conjecture." *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019) (internal quotations and citation omitted).  Conclusory statements are not enough to demonstrate that the alien will not be removed in the foreseeable future. *Andrade*, 459 F.3d at 543.  "In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future." *Galtogbah*, 2019 WL 3766280, at *2 (internal quotations and citation omitted).

Petitioner has met his burden to demonstrate that removal is not likely in the foreseeable future.  *See Hassoun*, 2019 WL 78984 at *4 (finding that petitioner met his burden when he had shown that the countries with which he had an affiliation would not accept him).  Petitioner points out that the Venezuelan embassy is closed in the United States and it is not possible for ICE to coordinate with representatives from the Venezuelan government.  Reply [9] at 2.  This assertion is supported by the fact that ICE has not had any contact with the Venezuelan consulate, and the only document obtained was an identity card provided by Petitioner's brother.  Petitioner claims that he and his family have repeatedly attempted to reach the Venezuelan

Embassy, and no one has responded. Reply [9] at 4. The Government does not rebut Petitioner's assertions.

Petitioner has been held in ICE custody since February of 2019, well beyond the presumptively reasonable six-month period, and the Government has not come forward with any evidence that travel documents will be issued by the Venezuelan consulate or that ICE is capable of removing individuals to Venezuela. *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) ("Respondents have not demonstrated to this Court that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months").

Just as Petitioner cannot rest on vague assertions to support his Petition, Respondent may not baldly assert that removal is likely with no supporting evidence. The single argument Respondent puts forward is that it is the opinion of ICE that Venezuelan citizens and nationals will be repatriated in the reasonably foreseeable future. Resp. [7], Ex. A at 1. This unsupported assertion does not provide any information regarding the existence of a repatriation agreement with Venezuela, Venezuela's prior record of accepting aliens, or any assurances from Venezuelan officials that travel documents will be issued for Petitioner.[1]

The short declaration submitted by Respondent does not satisfy his burden to rebut Petitioner's showing that he will not be removed in the foreseeable future. "[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is

---

[1] The Respondent's opinion also appears to be incorrect. Nearly five additional months have passed since the Government last argued that Petitioner's removal was "imminent." Reply [7] at 3. However, he apparently remains detained and the record is devoid of any information that suggests that he will be removed in the reasonably foreseeable future. *See* https://locator.ice.gov/odls/#/results (last visited May 12, 2020).

4

not significantly likely in the reasonably foreseeable future." *Kane*, 2008 WL 11393137 at *5; *see also Andreasyan v. Gonzalez*, 446 F. Supp. 2d 1186, 1189-90 (W.D. Wash. 2006) (finding that respondent had not rebutted petitioner's showing that he would not be removed when respondent repeatedly asked for "a few more weeks" to obtain travel documents).  "[I]f [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, this Court certainly cannot conclude that his removal is likely to occur— or even that it *might* occur— in the reasonably foreseeable future." *Singh v. Whitaker*, 362 F. Supp. 3d 93, 102 (W.D.N.Y. 2019).

With no significant likelihood of removal in the foreseeable future, Petitioner's detention is now unreasonable.  *See Ali v. Dep't of Homeland Sec.*, 2020 WL 1666074 (S.D. Tex. Apr. 2, 2020) (granting writ when petitioner could not be removed due to travel restrictions to Pakistan). After a year of detention, "Petitioner's removal need not necessarily be imminent, but it cannot be speculative." *Hassoun*, 2019 WL 78984 at *6.

As Respondent has not met his burden to show that continued detention is authorized, Petitioner must be deported or released.  "[T]he alien's release may and should be conditioned on any of the various forms of release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Zadvydas*, 533 U.S. at 700; *see Okwilagwe v. I.N.S.*, 2002 WL 356758 (N.D. Tex. Mar. 1, 2002) (granting writ of habeas corpus but setting conditions of alien's release).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be GRANTED and that Immigration & Customs Enforcement deport Petitioner or release him subject to appropriate conditions of supervision, to be determined by Immigration & Customs Enforcement, within thirty days of the Court's order granting the Petition [1].

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 12th day of May, 2020.

s/ Michael T. Parker
United States Magistrate Judge
